UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

DWIGHT S.B. EL-BEY DUNAWAY,

                        Plaintiff,

-against-

BOARD OF CORRECTIONS; NYC STANLEY
KREITMAN; CHAIR JOHN R. HORAN;
V. CHAIR JOHN H. BANKS; LOUIS CRUZ;
RICHARD M. NAHMAN; JANE PALEY PRICE;
FREDERICK J. PATRICK; MICHAEL REGAN;
RICHARD WOLF; CATHY POTTER;
CARL NILES; WARDEN OF OBCC;
OTHERS UNKNOWN AT THIS TIME,

                        Defendants.

----------------------------------------------------------X

**AMENDED MEMORANDUM AND ORDER**

10-CV-4770 (BMC)

**COGAN**, District Judge.

Plaintiff is currently incarcerated at Rikers Island Correctional Facility and commenced this *pro se* action pursuant to 42 U.S.C. § 1983 alleging a litany of complaints about the conditions of his confinement. Plaintiff seeks *in forma pauperis* status, but fails to state, what, if any, relief he is seeking in his complaint.

## PRISON LITIGATION REFORM ACT'S "THREE STRIKES" PROVISION

While incarcerated, plaintiff has filed more than three *in forma pauperis* actions which have been dismissed as frivolous, malicious or for failure to state a claim. See Dunaway v. Cuomo et al., 10-CV-3449 (BMC) (E.D.N.Y. dated July 30, 2010) (dismissing complaint for failure to state a claim upon which relief may be granted); Dunaway v. Cuomo et al., 10-CV-4695 (BMC) (E.D.N.Y. Oct. 20, 2010) (dismissing complaint for failure to state a claim upon which relief may be granted, and informing plaintiff that this is his second "strike" under 1915

(g)); Dunaway v. SSA et al., 10-CV-4696 (BMC) (E.D.N.Y. Oct. 21, 2010) (dismissing complaint for failure to state a claim upon which relief may be granted, and informing plaintiff that this is his third "strike" under 1915 (g)); Dunaway v. Kings County Clerk et al., 10-CV-4698 (BMC) (E.D.N.Y. Oct. 29, 2010) (dismissing complaint for failure to state a claim upon which relief may be granted, and informing plaintiff that this is his fourth "strike" under 1915 (g)). Plaintiff was expressly advised in three of these Orders that any further frivolous filings would render him subject to the "three strikes" rule.

The Prison Litigation Reform Act provides that

> In no event shall a prisoner bring a civil action ... if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

For a three-strikes litigant to qualify for the imminent danger exception, his complaint "must reveal a nexus between the imminent danger it alleges and the claims it asserts . . . ." Pettus v. Morgenthau, 554 F.3d 293, 298 (2d Cir. 2009). When determining whether the requisite relationship is present, a court must examine "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." Id. at 298-99 (emphasis in original). Moreover, for a plaintiff to qualify for the imminent danger exception, the danger must be present when he files his complaint. See Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002) ("[T]he language of § 1915(g) makes clear that the 'imminent danger' exception only applies to danger existing at the time the complaint is filed.").

As previously noted, plaintiff has exceeded his three strikes and this Court finds that he has failed to allege facts to suggest that he is subject to imminent physical danger. Plaintiffs' complaint is essentially a laundry list of complaints about prison life, i.e., no privacy, cramped living quarters, limited access to phone and library, facility not maintained, and frequent searches of his person and property. Although he does allege that he has witnessed *others* being assaulted in the hallways, and that inmates are *generally* denied access to medical care, these allegations are insufficient to establish that *plaintiff* is in imminent physical danger. Therefore, plaintiff does not qualify for the imminent danger exception under § 1915(g).

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is denied pursuant to 28 U.S.C. § 1915(g). In order to proceed with this action, plaintiff must pay the filing fee of $350.00 within 30 days from the entry of this Order. Plaintiff is advised that the complaint may be dismissed in whole or in part, even if he pays the filing fee, under 28 U.S.C. § 1915A. See Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999). If plaintiff fails to pay the filing fee within 30 days, the complaint shall be dismissed without prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
November 19, 2010